## Barr Estate

*H. Lester Haws,* for accountant.

*A. Benjamin Scirica,* for remainderman.

TAXIS, P. J., July 10, 1959. — The first and final account of The Bryn Mawr Trust Company and Donald Knauer, testamentary trustees for Lucy B. T. Radash and Lollie Knauer, was examined and audited by the court on May 4, 1959.

Decedent, Annie Turner Barr, died on August 24, 1935, leaving a will dated November 4, 1932, probated on September 4, 1935.

The account shows a balance of principal for distribution of $58,984.63, composed of the bonds, stocks and mortgages set forth on the second page of the account totaling altogether $62,385.57, there being due accountants out of said unconverted investment securities $3,400.94. A balance of income for distribution is shown of $30.73.

The occasion for the filing of the account now before the court is the death of the last life tenant, Lollie Knauer. Her death ended the trust.

The transfer inheritance tax has been paid.

A question of will construction has been submitted for determination by the court concerning the nature of the remainder interests of this trust. In her will testatrix provided as follows:

*"TENTH:* All the rest, residue and remainder of my Estate, real personal and mixed, I give, devise and bequeath unto THE BRYN MAWR TRUST COMPANY, its successors or assigns, and *DONALD KNAUER* or the survivor of them, or those of them wishing to act, in trust, the income from which is to be paid unto my Sister, *LUCY B. T. RADASH* of Gladwyn and my Sister *LOLLIE KNAUER* of Pottstown, Pa. share and share alike until the death of one,

at which time the income is to be paid to the one surviving. Immediately after the death of my last surviving Sister, this residue of my Estate is to be divided among all my *NEPHEWS and NIECES* ~~living at the time of the death of my last surviving Sister~~. If any of them shall have died leaving issue then the said issue to take the share their mother or father would have taken if living."

A notation in the margin of the will and initialed by testatrix and witnesses states:

" 'Living at the time of the death of my last surviving sister' was ruled out before the signing of this will

A.T.B.

McG.

A.E.M."

Testatrix was survived by five nephews and nieces, four of whom are presently living. However, one niece, Marie Turner Radash Simons, died on April 14, 1945, thus predeceasing the surviving life tenant. She left surviving two daughters, Betty Jane P. Miller and Nan Edna Simons Minninger. The court is asked to decide whether the interests of the remaindermen are vested so as to pass the remainder to settlor's surviving nieces, nephews and the estate of the deceased niece, or whether the interests of the remaindermen are contingent so as to pass the remainder to testatrix' surviving nieces and nephews and to the two daughters of the deceased niece.

The will of Marie Turner Radash Simons gave her entire estate as follows: One-fourth to her husband, Joseph; one-fourth to her daughter, Betty Jane Miller; one-fourth to her daughter, Nan Edna Simons Minninger; and one-fourth to her stepson, Walter Simons. After a careful reading of the will it is apparent that this testatrix intended the interests of her nephews and nieces to be vested at the time of her death subject, however, to being divested should any of them prede-

cease the surviving life tenant and leave issue surviving. This divesting contingency occurred in the case of testatrix' niece, Marie Turner Radash Simons, who died during the continuance of the particular estate leaving issue surviving.

Had testatrix retained the phrase stricken from her will prior to the will's execution, the estate of deceased nephews and nieces dying without surviving issue would have received nothing. Apparently testatrix wanted to avoid this result and therefore deleted this section from her will. However, at the same time, testatrix wanted to provide for the surviving issue of a deceased nephew or niece should the deceased nephew or niece die leaving issue. If surviving issue were in existence at the death of the surviving life tenant, it would be unlikely to presume that testatrix intended to pass over this issue in favor of the undetermined beneficiaries of a deceased nephew's or niece's estate. Had testatrix intended otherwise, she would have deleted the subsequent sentence relating to surviving issue along with the previous contingency clause. Accordingly, under the terms of her will, the vested interest of Marie Turner Radash Simons was divested and in turn vested in her issue, namely, Betty Jane T. Miller and Nan Edna Simons Minninger. See Tomlinson's Estate, 61 Pa. Superior Ct. 23; cf. Cartensen's Estate, 196 Pa. 325.

The net ascertained balances of principal and income for distribution are awarded as follows: Henry J. Radash, one-fifth; Marjorie H. R. Halberstadt, one-fifth; Lloyd T. Knauer, one-fifth; Donald Knauer, one-fifth; Betty Jane P. Miller, one-tenth; and Nan Edna Simons Minninger, one-tenth.

The account is confirmed, and it is ordered and decreed that The Bryn Mawr Trust Company and Donald Knauer, testamentary trustees, as aforesaid, forthwith pay the distribution herein awarded.

And now, July 10, 1959, this adjudication is confirmed nisi.